# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Rhett S Lermy** |
| | First Name    Middle Name            Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name            Last Name |
| Case number | **22-60066-EJC** |
| (If known) | |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.  **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)   This plan:
        ☐ contains nonstandard provisions. See paragraph 15 below.
        ☑ does not contain nonstandard provisions.

    (b)   This plan:
        ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
        ☐ does not value claim(s) that secures collateral.

    (c)   This plan:
        ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
        ☐ does not seek to avoid a lien or security interest.

2.  **Plan Payments.**

    (a)   The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **675.00** for the applicable commitment period of:

        ☐ 60 months: **or**

        ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b)   The payments under paragraph 2(a) shall be paid:

        ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

            ☐ Debtor 1 ____% ☐ Debtor 2 ____%

        ☑ Direct to the Trustee for the following reason(s):
            ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
            ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
            **Debtor's job would be jeopardized by the Chapter 13 deduction.**

    (c)   Additional Payments of $**0.00** (estimated amount) will be made on ____,__ (anticipated date) from (source, including income tax refunds).

3.  **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
| --- | --- | --- | --- | --- | --- |
| **-NONE-** | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
| --- | --- | --- | --- | --- |
| **-NONE-** | | | | |

4.  **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
    (a)     **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

    (b)     **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **4500.00**.

    (c)     **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

    (d)     **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **-NONE-** | | | | |

    (e)     **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **-NONE-** | | | | |

    (f)     **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **OneMain** | **2012 Nissan Pathfinder** | **$8,800.00** | **7.00%** | **$100/mo x 18 mos $200/mo x 42 mos** |
| **Westlake Financial Services** | **2015 Chevrolet Traverse** | **$15,975.00** | **5.30%** | **$335/mo.** |

    (g)     **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

                    ☐ with interest at _____% per annum; or ☐ without interest:
            **None**

(h)`     **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $ **500.00**, whichever is greater.

5.     **Executory Contracts.**

    (a)     **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| John Futch | Residential Lease | Rejected | n/a | n/a |

    (b)     **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6.     **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| OneMain | $100.00 |
| Westlake Financial Services | $200.00 |

7.     **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -Christina Ann Herb | 702 Harry Hagan Road<br>Pembroke, GA  31321 |

8.     **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Security Finance | | Non-Pmsi HHGs |

9.     **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

10.     **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.     **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12.     **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.     **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

GASB - Form 113 December 1, 2017

14.    **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.    **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:     **August 23, 2022**                              **/s/ Rhett S Lermy**
                                                            **Rhett S Lermy**
                                                                         *Debtor 1*


                                                                         *Debtor 2*

                                                            **/s/ Judson C. Hill**
                                                            **Judson C. Hill 354277**
                                                                         *Attorney for the Debtor(s)*

# IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF GEORGIA

| IN RE: | |
|---|---|
| Rhett S. Lermy | Chapter 13<br>Case No.: 22-60066-EJC |
| Debtor | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following address by First Class Mail, placing the same in the United States Mail with proper postage affixed thereon:

- (see attached mailing matrix)

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following corporations, partnerships, or other unincorporated associations addressed to an Agent or Officer by First Class Mail, with proper postage affixed thereon to the following address:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following insured depository institutions by Certified Mail, to the officer of the institution:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following parties and counsel electronically through the Notice of Electronic Filing (NEF) at the following addresses:

- n/a
    This 23rd of August, 2022.

Karen D. Taggart

KAREN D. TAGGART, PARALEGAL

Gastin & Hill
Attorneys at Law
1020 Drayton Street
Suite 201
Savannah, Georgia 31401
(912) 232-0203

Label Matrix for local noticing
113J-6
Case 22-60066-EJC
Southern District of Georgia
Statesboro
Tue Aug 23 16:30:23 EDT 2022

Account Resolution Services
Attn: Bankruptcy
Po Box 459079
Sunrise FL 33345-9079

(p)AMERICOLLECT INC
PO BOX 2080
MANITOWOC WI 54221-2080

Angela L. Ussery
1175 John Lowery Road
Dublin, GA 31021-1372

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas NV 89193-8873

Creditors Bureau Associates
Attn: Bankruptcy
112 Ward St
Macon GA 31204-3147

Exeter Finance LLC, c/o AIS Portfolio Servic
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Famous Cre
102 South Wayne Street
Milledgeville GA 31061-3440

Franklin Collection Service, Inc.
2978 West Jackson Street
Po Box 3910
Tupelo MS 38803-3910

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Georgia Emergency Associates
P. O. Box 12189
Daytona Beach FL 32120-2189

Judson C. Hill
Gastin & Hill
1020 Drayton Street
Ste. 201
Savannah, GA 31401-6535

(p)I C SYSTEM INC
LEGAL DEPARTMENT
PO BOX 64444
SAINT PAUL MN 55164-0444

John Futch
105 Holton Road
Pembroke GA 31321-4040

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Rhett S Lermy
3025 Highway 80, Lot 14
Bloomingdale, GA 31302

Liberty Regional Medical Center
P.O. Box 919
Hinesville GA 31310-0919

Mason Burbank
510 Oak Street
Savannah, GA 31408-3638

O. Byron Meredith, III
P O Box 10556
Savannah, GA 31412-0756

Miramed Revenue Group
Attn: Bankruptcy
360 E. 22nd Street
Lombard IL 60148-4924

NES Tennessee Inc JMH
c/o Franklin Service Inc
Po Box 3910
Tupelo, MS 38803-3910

Navient
Attn: Bankruptcy
Po Box 9640
Wilkes-Barre PA 18773-9640

Navient Solutions, LLC. on behalf of
ECMC
PO BOX 16408
St Paul, MN 55116-0408

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401-3331

OneMain
Attn: Legal/Officer
P.O. Box 1010
Evansville IN 47706-1010

OneMain Financial
Attn: Legal/Officer
547 W. Oglethorpe Hwy
Hinesville GA 31313-4447

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

Pink Dogwood 13, LLC
PO BOX 1931
Burlingame, CA 94011-1931

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Security Finance
Attn: Centralized Bankruptcy
Po Box 1893
Spartanburg SC 29304-1893

Security Finance
c/o CT Corporation Systems, Registered A
289 S. Culver Street
Lawrenceville GA 30046-4805

Statesboro Cardiology PA
5 Grady Johnson Road
Statesboro GA 30458-6026

Truist
PO Box 85092
Richmond, VA 23285-5092

Truist Bank Inc
Attn: Legal/Officer
200 West Second Street
Winston Salem NC 27101-4019

US Department of Education
P O Box 16448
Saint Paul MN 55116-0448

Westlake - C/O Peritus Portfolio Services
P.O. Box 141419
Irving, TX 75014-1419

Westlake Financial Services
4751 Whilshire Blvd.
Los Angeles CA 90010-3847

Westlake Portfolio Management
P. O. Box 76809
Los Angeles CA 90076-0809

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Americollect
Po Box 1566
1851 South Alverno Road
Manitowoc WI 54221

Georgia Department of Revenue
Compliance Division, ARCS Bankruptcy
1800 Century Blvd, NE, Suite 9100
Atlanta GA 30345-3202

IC Systems, Inc
Attn: Bankruptcy
Po Box 64378
St. Paul MN 55164

End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37